

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# Lapinski v. Bd of Ed Brandywine

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1709

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lapinski v. Bd of Ed Brandywine" (2006). *2006 Decisions.* Paper 1728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1709

———

THOMAS F. LAPINSKI,

Appellant

v.

THE BOARD OF EDUCATION OF THE BRANDYWINE SCHOOL DISTRICT;
JOSEPH P. DEJOHN; DONALD FANTINE, JR.; RALPH ACKERMAN; PAUL HART;
ROBERT BLEW; NANCY DOOREY; G. LAWRENCE PELKEY, JR.;
G. HAROLD THOMPSON; RAYMOND TOMASETTI, JR.

———

On Appeal from the United States District Court
for the District of Delaware
(Dist. Ct. No. 00-cv-00173)
District Judge: Hon. Kent A. Jordan

———

Argued January 10, 2005

Before: ROTH and CHERTOFF,[*] Circuit Judges, and RESTANI,[**] Chief Judge.

(Filed: January 24, 2006)

————

[*] Judge Chertoff heard oral argument in this case but resigned prior to the time the opinion was filed. The opinion is filed by a quorum of the panel. 28 U.S.C. § 46(d).

[**] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

SWARTZ CAMPBELL LLC
919 Market Street
P.O. Box 330
Wilmington, Delaware 19899
BY:   NEIL R. LAPINSKI (Argued)

Attorneys for Appellant

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
BY:   BARRY M. WILLOUGHBY (Argued)
      WILLIAM W. BOWSER
      SCOTT A. HOLT

Attorneys for Appellees

———

OPINION OF THE COURT

———

ROTH, Circuit Judge.

Appellant Thomas F. Lapinski appeals the decision by the District Court granting

summary judgment for appellees.  We will reverse and remand.

I

The facts of this case are set forth in detail in the District Court's opinion.  We

briefly set forth only the most relevant facts here, in the light most favorable to Lapinski.

Lapinski alleges that, during his time as principal of Mount Pleasant High School

(MPHS), appellees engaged in certain retaliatory actions against him due to "whistle

blowing" letters he wrote and statements he made to appellee former superintendent Joseph P. DeJohn and other Brandywine School District administrators. The specific whistle blowing activities are set forth in the District Court's opinion, see Lapinski v. Bd. of Educ., No. 00-173, 2004 U.S. Dist. LEXIS 1124, at *3-7 & nn.3-4 (D. Del. Jan. 29, 2004), and we will not repeat them here. Lapinski alleges that in response to these whistle blowing activities, appellees decided in December 1999 not to renew his employment contract, though under Delaware law Lapinski could have stayed on at MPHS as a teacher, earning a teacher's salary rather than the higher principal's salary.

On March 13, 2000, Lapinski filed a complaint alleging, inter alia, various forms of First Amendment retaliation. On January 29, 2004, the District Court granted appellees' motion for summary judgment. Lapinski thereafter filed a motion for reargument, which the District Court denied.

II

Our review of a District Court's grant of summary judgment is plenary. See Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 443 (3d Cir. 2003). We assess the record using the same summary judgment standard that guides district courts. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3d Cir. 2000). To prevail on a motion for summary judgment, the moving party must demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In granting appellees' motion for summary judgment, the District Court noted that Lapinski had voluntarily resigned as the principal of MPHS after learning that appellees did not intend to renew his contract. Concluding that an employee's decision to resign or retire, even in the face of pending termination, is presumptively voluntary, the District Court required Lapinski to show that he had been constructively discharged.

We need not address whether Lapinski was constructively discharged, as appellees' failure to renew Lapinski's employment contract constitutes an adverse employment action for purposes of Lapinski's First Amendment retaliation claim. In Suppan v. Dadonna, we held that defendants' action of placing plaintiffs lower on promotion ranking lists in retaliation for the exercise of their First Amendment free speech rights was sufficiently adverse to state a claim for retaliation. 203 F.3d 228, 234-35 (3d Cir. 2000). In doing so, we relied primarily on Rutan v. Republican Party, 497 U.S. 62 (1990). The Rutan "Court rejected the argument that the First Amendment rights of public employees had 'not been infringed because they [had] no entitlement to promotion, transfer, or rehire.'" Suppan, 203 F.3d at 234 (alteration in original) (quoting Rutan, 497 U.S. at 72). See also Brennan v. Norton, 350 F.3d 399, 419 (3d Cir. 2003) ("A public employer adversely affects an employee's First Amendment rights when it refuses to rehire an employee because of the exercise of those rights or when it makes decisions, which relate to promotion, transfer, recall and hiring, based on the exercise of an employee's First Amendment rights." (quotation marks omitted)).

4

We therefore conclude that appellees' failure to renew Lapinski's employment contract was "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights," Suppan, 203 F.3d at 235.  That Lapinski had a right under Delaware law to remain at MPHS as a teacher does not change our conclusion.  Even though appellees could not have terminated Lapinski's employment entirely, the nonrenewal was a demotion in title and salary and therefore actionable conduct.  See, e.g., Brennan, 350 F.3d at 419; Baldassare v. New Jersey, 250 F.3d 188, 201 (3d Cir. 2001) (noting that it is clearly established that a public employee cannot be demoted in retaliation for exercising his or her First Amendment rights).

III

For the foregoing reasons, we will reverse the judgment of the District Court and remand for further proceedings not inconsistent with this opinion.